Mary McCaughey *vs.* Jenckes Spinning Company.

James McCaughey *vs.* Jenckes Spinning Company.

PROVIDENCE—OCTOBER 10, 1904.

Present: Tillinghast, Dubois, and Blodgett, JJ.

(1) *Master and Servant. Negligence. Belting. Inspection. Damages.*

The duty of a master in respect to construction and inspection of belting established in *Cummings* v. *National Mills*, 24 R. I. 390, and *McGar* v. *Providence Worsted Mills*, 22 R. I. 347, affirmed.

In an action against a master, for negligence arising out of the improper fastening and inspection of a belt, evidence considered and verdict approved.

Trespass on the case for negligence. Heard on petition of defendant for new trial, and denied.

(1)    Blodgett, J. The duty of the employer, in respect of the construction and inspection of belting, has been so fully and so recently considered by the court, in *Cummings* v. *National & Providence Worsted Mills*, 24 R. I. 390, and *McGar* v. *Providence Worsted Mills*, 22 R. I. 347, that we think it is not necessary to add to those cases.

The undisputed testimony is that the belt fastening in question was both made and applied by the defendant, and that no inspection of any kind was ever given to the condition of a belt on a pulley revolving more than one thousand times a minute. And the testimony of the defendant's overseer, Magnall, on cross-examination, is as follows, in response to a question whether the ends of a belt should be left an inch apart or even a half-inch apart (p. 62): "Well, I should say it would be poor workmanship to have them as far as that. . . . C. Q. 101. If a belt is fastened that way, anywhere from from half an inch to three-fourths of an inch space left like that (indicates), would that be a proper way to leave a belt to be going around 1,062 times a minute—would that be a safe belt? A. Well, I shouldn't hardly say it would be. It would be safe, but they are liable to pull out quicker that way than if they were closer together."

We are not prepared to say that the jury were not justified in finding that the fastening in question had been hammered down into the leather, as the plaintiff's witness Flanagan testified, without contradiction by the defence, appeared to be the case. Neither is it disputed that the plaintiff suffered a miscarriage the day following the accident and was confined to her bed for several weeks.

Under these circumstances we can not say that the verdicts of $1,500 damages to the plaintiff wife, and of $200 to her husband, for the loss of his wife's services, are excessive.

Petition for a new trial denied.

*Hugh J. Carroll,* for plaintiffs.

*Vincent, Boss & Barnefield,* for defendant.